**Tatiana MOROZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–4906–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

Mark Diamond, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney, Jennifer L. McManus, Assistant United States Attorney, United States Attorney's Office, Western District of Michigan, Grand Rapids, MI, for Respondent.

PRESENT: LEVAL, KATZMANN, and WESLEY, Circuit Judges.

Petitioner Tatiana Moroz ("Moroz") petitions for review of the BIA decision affirm-

ing the Immigration Judge's ("IJ") denial of asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA summarily affirms a decision of the IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also reviewed under the substantial evidence standard of review, *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam* ).

The IJ rested his overall credibility determination upon the government's evidence that Moroz had submitted a false medical report. The credibility determination should be upheld. *See Secaida–Rosales,* 331 F.3d at 307. Because the IJ provided a specific reason for the adverse credibility finding that has a "legitmate nexus" to Moroz's claim of persecution, in that the main incident that she relied upon to show that she was persecuted was the alleged beating from which the hospital report was purported to arise, the determination will be upheld. *See id.* Accordingly, because the credibility determination is dispositive of the asylum claim, it is unnecessary to address Moroz's claim that she satisfied her burden of showing past persecution or a well-founded fear of future persecution. Furthermore, neither Moroz's argument that the BIA violated her rights by summarily affirming the IJ, nor her claim that the IJ failed to adequately consider her request for withholding of removal, has merit, as this Court has clearly stated that the BIA is permitted to summarily affirm an IJ's decision, and a determination that a petitioner is not eligible for asylum is dispositive of the withholding analysis. *See Zhang v. DOJ,* 362 F.3d at 160; *Zhang v. INS,* 386 F.3d. at 71.